**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/28/2022
```

ABERCROMBIE & FITCH CO. and
ABERCROMBIE & FITCH TRADING CO.,

      Plaintiffs,

   v.

HATLEY USA, INC. D/B/A HATLEY and LITTLE BLUE HOUSE, a New York domestic business corporation,

      Defendant.

HATLEY USA, INC.

      Counterclaim-Plaintiff,

   v.

ABERCROMBIE & FITCH CO. and
ABERCROMBIE & FITCH TRADING CO.,

      Counterclaim-Defendants.

Case No. 21-cv-8131-ALC-SN

**STIPULATED PROTECTIVE ORDER**

  WHEREAS, the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

  WHEREAS, the Parties, through counsel, agree to the following terms; and

  WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order, shall adhere to the following terms:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such Confidential or Confidential – Attorneys' Eyes Only Discovery Material to anyone else except as expressly permitted in this Order.

2. The Party or person producing or disclosing Discovery Material (each, a "Producing Party") may designate as Confidential or Confidential – Attorneys' Eyes Only only the portion of such material that it reasonably and in good faith believes consists of:

    a. previously non-disclosed financial information (including without limitation sales or marketing data and reports);

    b. previously non-disclosed business plans, product-development information, marketing plans, actual or potential purchaser information, marketing studies, or other commercially sensitive nonpublic information;

    c. previously non-disclosed identities of vendors, individual customers, or other users of the Parties' respective services;

    d. any information of a personal or intimate nature regarding any individual;

    e. information or documents that contain sensitive non-public information, are treated by the Producing Party as confidential due to their nature or content, or are required to be kept confidential by their terms; or

  f. any other category of information given confidential status as agreed by the Parties or decided by this Court after the date of this Order.

  3. With respect to the Confidential or Confidential – Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as Confidential or Confidential – Attorneys' Eyes Only by: stamping or otherwise clearly marking as Confidential or Confidential – Attorneys' Eyes Only the protected portion in a manner that will not interfere with legibility or audibility.

  4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Confidential – Attorneys' Eyes Only Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Confidential – Attorneys' Eyes Only information, in which case the reporter shall bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated Confidential or Confidential – Attorneys' Eyes Only, in which case all counsel receiving the transcript shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties shall treat the entire deposition transcript as if it had been designated Confidential – Attorneys' Eyes Only.

  5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Confidential – Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this

Order shall treat such designated portion(s) of the Discovery Material as Confidential or Confidential – Attorneys' Eyes Only. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the Confidential or Confidential – Attorneys' Eyes Only designation within five (5) business days of providing such notice.

6. Nothing contained in this Order shall be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

   a. the Parties to this action, their insurers, and counsel to their insurers;

   b. counsel of record for this action, including any paralegal, clerical, contracted support personnel, or other assistant that such counsel employs and assigns to this matter;

   c. outside vendors or service providers (such as litigation support service providers, copy-service providers and document-management consultants) that counsel hire and assign to this matter;

   d. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

   e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f.  any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

g.  any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto and provided that such expert witness shall have no present or known future status as a director, officer, partner, shareholder, employee, consultant, or contractor of any of the Parties or their parents, subsidiaries, affiliates, predecessors, or successors, nor have any other form of financial interest in, or contractual relationship with, the foregoing (excepting only a customary fee in remuneration of time spent and expenses incurred acting in his or her role as an expert in this action);

h.  stenographers engaged to transcribe depositions the Parties conduct in this action; and

i.  this Court, including any appellate court, its support personnel, and court reporters.

8.  Under no circumstances, other than those specifically provided for in this Protective Order, shall counsel disclose any part of any Discovery Material designated as Confidential – Attorneys' Eyes Only, or permit the same to be disclosed, given, shown, made available, summarized, excerpted, or communicated in any way to persons other than the following:

a.  officers or employees of the Court before which this litigation is pending, including court clerks;

  b. counsel of record for this action, and employees at the firms for such counsel, such as paralegals, contracted support personnel, and/or legal secretaries, but only to the extent necessary to assist counsel of record;

  c. a person who created, sent, or received documents designated as Confidential – Attorneys' Eyes Only;

  d. any person whose testimony is taken or is to be taken in the litigation, and in preparation therefore, but only if that person, or their employer, is the Producing Party of such highly confidential documents, testimony, information, or other materials;

  e. litigation support service companies specifically engaged by counsel of record for the limited purpose of assisting in the processing or production of electronically-stored information or in making photocopies of documents;

  f. court reporters engaged for depositions;

  g. any person treated by either Party as a consulting or testifying expert in connection with such consultation or testimony and in preparation therefore, and only to the extent necessary and after execution of a Non-Disclosure Agreement in the form annexed as Exhibit A hereto; or

  h. other persons only upon written consent of the Producing Party (which agreement may be recorded in a deposition or other transcript) or upon order of the Court after affording the producing person due notice and an opportunity to be heard.

9. Before disclosing any Confidential or Confidential – Attorneys' Eyes Only Discovery Material to any person referred to in subparagraphs 7(d), 7(f), 7(g), or 8(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and

agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. This Order binds the Parties and certain others to treat as Confidential or Confidential – Attorneys' Eyes Only any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential or Confidential – Attorneys' Eyes Only hereunder.

11. In filing Confidential or Confidential – Attorneys' Eyes Only Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Confidential – Attorneys' Eyes Only Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. Parties must obtain leave of the Court before filing any document under seal.  Any sealing request should include a Party's proposed redactions in a public motion filed electronically through the court's ECF system.  If leave is granted, Parties must file redacted copies with the Clerk of Court.  The Parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings ... demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The Parties agree to follow all applicable local, individual, and ECF rules regarding filing documents under seal.

12. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel

for all affected Parties shall address their dispute to this Court in accordance with applicable local, individual, and ECF rules.

13. Any Party who requests additional limits on disclosure may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties shall address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules and Practices in Civil Cases.

14. Recipients of Confidential or Confidential – Attorneys' Eyes Only Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding, and such Discovery Material shall not be disclosed, given, shown, made available, summarized, excerpted, or communicated in any way to anyone other than as permitted in this Order. Nothing contained in this Order, however, shall affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

15. Nothing in this Order shall prevent any Party from producing any Confidential or Confidential – Attorneys' Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party shall bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

16. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on their examination of "Confidential" or "Confidential – Attorneys' Eyes Only" documents and/or information; <u>provided however,</u> that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any "Confidential" or "Confidential – Attorneys' Eyes Only" documents and/or information except as specifically permitted by this Order.

17. Each person who has access to Discovery Material designated as Confidential or Confidential – Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential or Confidential – Attorneys' Eyes Only Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Confidential – Attorneys' Eyes Only Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Confidential – Attorneys' Eyes Only Discovery Material. Any such archival copies that contain or constitute Confidential or Confidential – Attorneys' Eyes Only Discovery Material remain subject to this Order.

19. This Order shall survive the termination of the litigation and shall continue to be binding upon all persons subject to this Order to whom Confidential or Confidential – Attorneys' Eyes Only Discovery Material is produced or disclosed.

20. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED:

Respectfully submitted,                                   DATED: July 27, 2022

*/s/Susan M. Kayser*                                       */s/ Rhett O. Millsaps II*
Susan M. Kayser (N.Y. Reg. No. 5631916)                   Rhett O. Millsaps II
K&L GATES LLP                                             Mark P. McKenna
599 Lexington Avenue                                      Christopher J. Sprigman
New York, NY 10022                                        Lex Lumina PLLC
Telephone: 212-536-4053                                   745 Fifth Ave
Facsimile: 212-536-3901                                   Ste 500
E-mail: susan.kayser@klgates.com                          New York, NY 10151
                                                          646-898-2055
Eric W. Lee (*admitted pro hac vice*)                     Fax: 646-906-8657
K&L GATES LLP                                             rhett@lex-lumina.com
1 Lincoln Street                                          mark@lex-lumina.com
Boston, MA 02111                                          chris@lex-lumina.com
eric.lee@klgates.com
                                                          *Attorneys for Defendant and Counterclaim-*
Terrance D. Roberts                                       *Plaintiff Hatley USA, Inc.*
K&L GATES LLP
1601 K St. NW
Washington, DC  20006
Terrance.roberts@klgates.com

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: July 28, 2022
        New York, New York

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ABERCROMBIE & FITCH CO. and ABERCROMBIE & FITCH TRADING CO.,<br><br>      Plaintiffs,<br><br>   v.<br><br>HATLEY USA, INC. D/B/A HATLEY and LITTLE BLUE HOUSE, a New York domestic business corporation,<br><br>      Defendant.<br><br>HATLEY USA, INC.<br><br>      Counterclaim-Plaintiff,<br><br>   v.<br><br>ABERCROMBIE & FITCH CO. and ABERCROMBIE & FITCH TRADING CO.,<br><br>      Counterclaim-Defendants. | Case No. 21-cv-8131-ALC-SN<br><br>**STIPULATED PROTECTIVE ORDER** |

**EXHIBIT A - CONFIDENTIALITY AGREEMENT**

  The undersigned, having been requested to assist in connection with Civil Action No. 21-cv-8131-ALC-SN pending in the United States District Court for the Southern District of New York, agrees as follows:

  1.  I have read the Protective Order entered by the Court in this action and agree to abide by its terms.

  2.  I agree that any discovery material or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that I see, hear, or learn about in connection with this lawsuit, including documents and deposition transcripts, may

be used solely for the purpose of this lawsuit and not for any other purpose. I agree not to use or disclose to any person any such discovery material or information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" except as specifically authorized by the Protective Order.

3. When this litigation is terminated. I agree to return to the party and lawyers whom I am assisting any discovery material and information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and to retain no copies of such materials.

Dated this ____ day of _____, 202__.

_____
Signature

_____
Name

_____
Company